# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| PHILIP BURGESS, <br> a/k/a JOHN WILLIAM STINSON, <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES PAROLE COMMISSION, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 05-1062-CV-W-FJG-P <br> ) <br> ) <br> ) |

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge his continued federal parole supervision in the Western District of Missouri, which is scheduled to expire on February 5, 2009. Petitioner is on parole from a parole violator sentence for a 20-year sentence imposed in Mexico on August 24, 1979, following petitioner's conviction for homicide, falsification of seals, and concealment of name. See Respondent's Exhibits A and B. Petitioner applied to serve his Mexican sentence in the United States and was transferred to the United States under the Mexican Treaty Exchange in 1981.

Although petitioner was paroled on June 21, 1984, his parole was revoked on April 25, 1990, after a determination by the United States Parole Commission (USPC) that he had violated his parole by booby-trapping his garage in violation of California law. After being re-released on parole on January 14, 1991, petitioner absconded from parole supervision and fled to Canada, where he lived for ten (10) years. Petitioner's parole was revoked on January 2, 2002, but, under the terms of an agreement with the USPC, petitioner was re-paroled on February 14, 2002.

Petitioner contends that his constitutional rights to due process and equal protection are being violated by his continued parole supervision on a Mexican sentence which was imposed for a crime which he allegedly committed in self-defense. Petitioner argues that the USPC has a duty, under 18 U.S.C. § 4106A, to convert his Mexican offense to the appropriate United States offense, citing Kleeman v. United States Parole Commission, 125 F.3d 725 (9th Cir. 1997). In Doc. No. 5, petitioner contends that refusing to apply 18 U.S.C. § 4106A to him when it applies to others is not fair and equal treatment under the law.

Respondent responds that petitioner has not completed his 20-year Mexican sentence because petitioner agreed, when he accepted the USPC's proposed expedited parole revocation proposal, that he would receive no credit for the time he was in absconder status from July 3, 1991, through October 15, 2001. See Respondent's Exhibits BB and CC. Under the United States-Mexico Treaty, any collateral challenge to a transferee's Mexican conviction can be brought only in Mexico, not in the courts of the United States. See Kass v. Reno, 83 F.3d 1186, 1189 (10th Cir. 1996). Although petitioner may challenge the execution of his sentence under Section 2241, he may not challenge the fact of his conviction or the length of his sentence in the United States courts. See Bishop v. Reno, 210 F.3d 1295, 1304 (11th Cir. 2000). Thus, any claim of innocence as to the Mexican conviction and sentence on petitioner's part cannot be entertained by the USPC, even in making parole release determinations. See Navarrette v. United States Parole Commission, 34 F.3d 316 (5th Cir. 1994).

Respondent further contends that, for transferees like petitioner who committed their crimes before November 1, 1987, the law requires the USPC to make parole release determinations and to supervise them under the same provisions that apply to parole-eligible United States Code offenders. See 18 U.S.C.

2

§ 4106. Unlike the petitioner in Kleeman, supra, who committed her crime after November 1, 1987, 18 U.S.C. § 4106A (providing that the USPC make prison and supervised release determinations after applying the United States Sentencing Guidelines for transferred offenders who committed their crimes after November 1, 1987) does not apply to petitioner. Thus, the USPC is under no obligation to convert petitioner's Mexican offense to a United States offense. Any decision to grant petitioner an early release from supervised parole will be based on 18 U.S.C. § 4211, narrowly focusing on the risk petitioner presents to the public safety and the need for ongoing supervision.

For the reasons set forth by respondent (Doc. No. 3), it is **ORDERED** that the petition for writ of habeas corpus is denied, and this case is dismissed with prejudice.

 /s/ Fernando J. Gaitan, Jr.
FERNANDO J. GAITAN, JR.
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: 12/28/05            .